UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
CHANDRA BLANCHARD,

               Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.
-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:19-cv-03739

*Appearances*:
*For the Plaintiff*:
CHARLES E. BINDER
Law Office of Charles E. Binder
and Harry J. Binder, LLP
485 Madison Avenue, Suite 501
New York, NY 10022

*For the Defendant*:
SETH DUCHARME, ESQ.
Acting United States Attorney
Eastern District of New York
By: PAULINA STAMATELOS, ESQ.
Assistant United States Attorney
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Chandra Blanchard seeks review of the Commissioner of Social Security's denial of her application for supplemental security income benefits. Both parties move for judgment on the pleadings. For the following reasons, Blanchard's motion is granted, the Commissioner's denied, and this case remanded for further proceedings.

1

I.

Blanchard filed an application for benefits on January 28, 2016. Her claim was denied, and she requested a hearing before an Administrative Law Judge ("ALJ") on July 29, 2016. On May 11, 2018, a hearing was held before ALJ Robert Schriver. He determined that Ms. Blanchard had the "severe impairments" of "lumbar degenerative disc disease with multiple disc herniations," "internal derangement of the left knee," "a depressive disorder," and "a calcaneal spur and plantar fasciitis of the right foot." AR 38. ALJ Schriver also found Ms. Blanchard had the non-severe impairments of "diabetes, hyperlipidemia, diabetes diverticulitis, and gastroesophageal reflux disease." *Id*. ALJ Schriver determined that Ms. Blanchard was not disabled and concluded she had the residual functional capacity ("RFC") to engage in:

> occasional stooping, crouching, and climbing ramps or stairs; frequent overhead reaching with the right arm; and must be able to stand for 15 minutes at a time after sitting for 45 minutes at a time. Mentally, the claimant is limited to simple tasks only, and having only occasional contact with coworkers, supervisors, and the general public

AR 39. The Appeals Council denied Blanchard's request for review on May 2, 2019.

II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial

evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

### III.

The ALJ erred by concluding the opinions of the treating psychiatrists – Drs. Preval and Charlot – were unsupported by their own treatment records and were therefore entitled only to "some weight." AR 46.

The treating physician rule dictates that the opinion of a treating physician as to the nature and severity of an impairment is given "'controlling weight' so long as it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (citing 20 C.F.R. § 404.1527(d)(2)). "'[M]edically acceptable clinical and laboratory diagnostic techniques' include consideration of '[a] patient's report of complaints, or history, [a]s an essential diagnostic tool.'" *Burgess*, 537 F.3d at 128 (citing *Green–Younger v. Barnhart*, 335 F.3d 99, 107 (2d Cir. 2003)).

Here, the ALJ's decision presented an inappropriately one-sided view of the mental health treatment records. Aside from summarizing portions of the medical

3

record, the ALJ failed to meaningfully engage with information that contradicted the ALJ's position.

The medical records plainly establish a history of depression, anxiety attacks, and hallucinations. In the view of the treating psychiatrists, Blanchard was not malingering. There was ample support for Dr. Preval's opinion that Blanchard had "other specified depressive disorder." AR 465. He observed and documented Blanchard's "depressed mood," "paranoia / suspiciousness," "persistent irrational fears," "recurrent panic attacks," "social withdrawal," and auditory "hallucinations." AR 466. Dr. Charlot's diagnosis of "other specified depressive disorder" was also well supported by the record. AR 1031-35. Dr. Charlot identified many of the same symptoms as Dr. Preval and found moderate to marked limitation in multiple areas relevant to Blanchard's functioning.

The ALJ focused on isolated reports that showed Blanchard was "happy," "feeling better," and in "better control of her symptoms." AR 46. The ALJ also concluded some of Blanchard's mental impairments were caused by claimant going off her medication. AR 46.

The Ninth Circuit has persuasively explained "it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). The Second Circuit has cited *Garrison* approvingly for the proposition that "[c]ycles of

4

improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Estrella v. Berryhill*, 925 F.3d 90, 97 (2d Cir. 2019) (citing *Garrison*, 759 F.3d at 1017).

 As *Estrella* and *Garrison* make clear, reports of improved condition must be viewed holistically and considered in the context of the patient's overall well-being.  The ALJ took a one-sided view of the mental health evidence and minimized the extent and effects of Blanchard's depression. *See Wilder v. Chater*, 64 F. 3d. 335, 337 (7th Cir. 1995) (Posner, J.) ("Severe depression is not the blues. It is a mental illness; and health professionals, in particular psychiatrists, not lawyers or judges, are the experts on it").

 The Second Circuit recently explained that "[t]he treatment provider's perspective [seems] all the more important in cases involving mental health, which are not susceptible to clear records such as x-rays or MRIs." *Flynn v. Comm'r of Soc. Sec. Admin.*, 729 F. App'x 119, 121 (2d Cir. 2018) "They depend almost exclusively on less discretely measurable factors, like what the patient says in consultations."

 The ALJ erred by "substitute[ing] his own expertise or view of the medical proof for the treating physician's opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d

5

Cir. 2015); *see also Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (same). "[W]hile a physician's opinion might contain inconsistencies and be subject to attack, a circumstantial critique by non-physicians, however thorough or responsible, must be overwhelmingly compelling in order to overcome a medical opinion." *Shaw*, 221 F.3d at 135. The ALJ's critique was not overwhelmingly compelling and was therefore in error.

To the extent that the ALJ found the mental health evidence lacking, he had an affirmative obligation to supplement the record or seek out the testimony of a mental health expert. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history "even when the claimant is represented by counsel or ... a paralegal") (*citing Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996); *see also Blash v. Comm'r of Soc. Sec. Admin.*, 813 F. App'x 642, 645 (2d Cir. 2020).

Judge Posner has written that ALJs should avoid the temptation to finesse the medical evidence because "[c]ommon sense can mislead; lay intuitions about medical phenomena are often wrong." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990). Based on the failure to supplement the record and to properly credit the treating physician's diagnosis, reversal is appropriate.

6

## CONCLUSION

For the foregoing reasons, Blanchard's motion is GRANTED, the Commissioner's motion is DENIED, and the case is remanded for reconsideration in light of this memorandum and order.

**SO ORDERED.**

                                                  _/S/ Frederic Block_____
                                                  FREDERIC BLOCK
                                                  Senior United States District Judge

Brooklyn, New York
February 4, 2021